United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wilton Perez, Appellant, ) | |
| ) | |
| v. ) | |
| ) | Bankruptcy Appeal |
| Maria Yip, as Trustee of Providence ) | Case No. 18-24810-Civ-Scola |
| Financial Investments, Inc. and ) | |
| Providence Fixed Income Fund, ) | |
| LLC, Appellee. ) | |

### Order on Appeal

This matter is before the Court on appeal of the Bankruptcy Court's final judgment following a one-day trial in an adversary proceeding between Appellant Wilton Perez and Appellee Maria Yip as Trustee for the Debtors. After reviewing the parties' briefs, the record on appeal, and the relevant legal authorities, the Court **affirms** the Bankruptcy Court's judgment in favor of the Appellee.

### I. Background

The Debtors, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, operated a Ponzi scheme that defrauded hundreds of investors of approximately $64 million. (ECF No. 1 at 4.) The primary fraudster, Anthony Buzaneli, was found guilty and sentenced to 20 years in prison. There are approximately $60 million in claims against the Debtors. (*Id.*)

The Trustee for the Debtors initiated adversary proceedings to recover commission payments made by the Debtors to various agents, including Appellant Perez. Perez received commission payments from the Debtors for referring investors to the Debtors. (*Id.*) These investors would purchase promissory notes as investments and unknowingly perpetuate the Ponzi scheme. (*Id.*) Perez received $256,263.43 in commission payments from the Debtors. (*Id.*) These facts are not in dispute.

The parties went to trial on whether the commission payments were avoidable constructive or actual fraudulent transfers and whether Perez gave value in good faith. (*Id.* at 7.) The bankruptcy court heard testimony from the Trustee and the Trustee's accounting expert, as well as admitted into evidence emails and communications between Perez and Buzaneli regarding their business. (*Id.* at 4-6.) Perez did not present any witnesses or evidence at trial. (*Id.* a 6.)

In a well-reasoned opinion, the bankruptcy court held that Perez provided value to the Debtors in good faith. First, the evidence at trial

established that he acted in good faith because he did not know that Buzaneli's business was a Ponzi scheme. (*Id.* at 10.) Second, he provided value for the commission payments based on a contract between Buzaneli and Perez. (*Id.* at 13.) Perez referred investors who paid approximately $1.1 million to the Debtors. As a result of these referrals, Perez was contractually due a commission from the Debtors. (*Id.*) The contract between the parties indicated that Perez would receive commission payments of approximately 6.5% to 7.5% per year. (*Id.*) Because Perez received $256,263.43 in commission payments, approximately 23% of the $1.1 million in investor funds, he was paid *more than* the 7% required by the contract. (*Id.*) Therefore, the court held that the commission payments over 7% were in excess of the value of Perez's services. (*Id.* at 14.) Accordingly, the Trustee is entitled to recover $176,000, the total sum of excessive commission payments. (*Id.* at 15.) Perez now appeals this judgment.

## II.   Legal Standard

This Court has jurisdiction over appeals of a final judgment in a bankruptcy adversary proceeding. 28 U.S.C. § 158(a)(1); *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). A district court reviews a bankruptcy court's legal conclusions de novo and its factual findings for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club Assocs.*, 951 F.2d 1223, 1228–29 (11th Cir. 1992).

## III.   Analysis

On appeal, Perez takes issue with the bankruptcy court's factual findings regarding his excessive commission payments. (ECF No. 8 at 4.) Perez argues that "somehow the Court assumed that the totality of [ ] Perez['s] business under management was 1.1 million instead of the actual/factual over 8 million that was indeed, under management by [Perez]." (*Id.* at 5.) In response, the Trustee argues that Perez did not designate trial transcripts for the record on appeal so he may not challenge the bankruptcy court's factual findings. (ECF No. 9 at 14.) Furthermore, the district court is "not authorized to make independent factual findings; that is the function of the bankruptcy court." (*Id.* at 16 (citing *In re Tousa, Inc.*, 680 F.3d 1298, 1310 (11th Cir. 2012)).

The Court agrees with the Trustee. Perez has not designated a record on appeal, provided citations to the underlying record, or otherwise directed the Court to any evidence that would require this Court to find clear error in the bankruptcy court's ruling. *See In re Kunsman,* 752 Fed. App'x 938 (11th Cir. 2018) ("A pro se litigant's pleadings are construed liberally, but pro se litigants must nonetheless conform to procedural rules, including the requirement that an appellant provide relevant transcripts for the record on appeal."); *In re*

*Echeverry*, 720 Fed. App'x 598, 599-600 (11th Cir. 2018) ("To challenge a finding or conclusion as unsupported by, or contrary to the evidence, the appellant must designate the transcript of any relevant testimony or exhibits as part of the record on appeal."). "To challenge a finding or conclusion as unsupported by, or contrary to the evidence, the appellant must designate the transcript of any relevant testimony or exhibits as part of the record on appeal." *In re Echeverry*, 720 Fed. App'x at 599. Instead, Perez simply repeats throughout his brief that "there was never any/zero evidence to that fact, the plaintiff could not possibly state that 23% commission ever happened, since they do not know the facts and evidence to state the contrary, which in fact, the highest was paid at 7.5%." (ECF No. 8 at 6.) Perez is unable to challenge the bankruptcy court's conclusions with these unsupported assertions.

Even if the Court were to review the evidence, there is no indication that the bankruptcy court erred when it concluded that Perez received 23% commission on the $1.1 million he brought to Buzaneli. Perez argues that the $1.1 million figure is incorrect because "over $8 million was indeed under management by [Perez]." (ECF No. 8 at 5.) Perez, however, failed to present any evidence or witnesses at trial or on appeal to support this contention. (ECF No. 1 at 6.) The Trustee testified that Perez produced investors who paid approximately $1.1 million to the Debtors and Perez received $256,263.43 in commission payments. (ECF No. 1 at 13.) Perez has presented no evidence to the contrary. Therefore, the Court concludes that the bankruptcy court did not err in concluding that the Trustee was entitled to $176,000.

### IV. Conclusion

Accordingly, the Court **affirms** the Bankruptcy Court's Judgment. The oral argument scheduled for May 17, 2019 is hereby cancelled. The Court directs the Clerk to **close** this case.

**Done and ordered** at Miami, Florida on May 6, 2019.

_____
Robert N. Scola, Jr.
United States District Judge